IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAYLER HOLLOWAY,
individually and on behalf of all others
similarly situated,

    Plaintiff,

v.

HALSTED FINANCIAL SERVICES, LLC,
NATIONAL CREDIT ADJUSTERS, L.L.C,
and CONVERGENT OUTSOURCING, INC,

    Defendants.

Case No. _____

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

KAYLER HOLLOWAY ("Plaintiff"), brings this action against Defendants HALSTED FINANCIAL SERVICES, LLC ("HFS"), NATIONAL CREDIT ADJUSTERS, L.L.C. ("NCA"), and CONVERGENT OUTSOURCING, INC. ("COI"), and alleges, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

### INTRODUCTION

1. Defendants operate collection agencies which are hired by third-parties to place calls to persuade consumers to pay outstanding account balances. Each Defendant in this case placed numerous harassing calls to Plaintiff in an attempt to reach someone other than Plaintiff for the purpose of collecting an outstanding debt. Although Plaintiff repeatedly told Defendants she was not the party they were intending to reach, Defendants continued to call and harass Plaintiff.

2. Defendants repeatedly made unsolicited calls to Plaintiff's telephone without

consent, all in violation of the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 (the "TCPA"). To the extent Plaintiff ever consented to the calls, she revoked such consent.

3. By making the telephone calls at issue in this Complaint, Defendants caused Plaintiff actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to her carriers for the receipt of such telephone calls.

4. Congress enacted the TCPA to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendants' unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendants to cease all unsolicited telephone calling activities to her cellular telephones and an award of statutory damages under the TCPA equal to $500.00 per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. The Court has personal jurisdiction over Defendants because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8. Defendants are subject to specific personal jurisdiction in this District because they have continuous and systematic contacts with this District through their telemarketing

efforts that target this District, and the exercise of personal jurisdiction over Defendants in this District does not offend traditional notions of fair play or substantial justice.

## PARTIES

9. Plaintiff KAYLER HOLLOWAY is a citizen of the State of Florida who resides in St. Petersburg, Florida.

10. Defendant HALSTED FINANCIAL SERVICES, LLC is a limited liability company organized under the laws of the State of Illinois. Defendant can be served with process by serving its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

11. Defendant NATIONAL CREDIT ADJUSTERS, L.L.C. is a limited liability company organized under the laws of the State of Kansas. Defendant can be served with process by serving its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

12. Defendant CONVERGENT OUTSOURCING, INC. is a corporation organized under the laws of the State of Washington. Defendant can be served with process by serving its registered agent, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

13. Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## LEGAL BASIS FOR THE CLAIMS

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

15. Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

16. In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls. Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines. The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption. Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

17. As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Requires solicitors provide her name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.
- Prohibits solicitations to residences that use an artificial voice or a recording.
- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.
- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.
- Prohibits autodialed calls that engage two or more lines of a multi-line business.
- Prohibits unsolicited advertising faxes.

18. On July 10, 2015, the FCC issued an order clarifying that a calling party is subjected to TCPA liability if it places more than one call to the wrong party, or to a correctly dialed but reassigned number. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, 30 F.C.C.R. 7961 (July 10, 2015). A caller is deemed to have constructive knowledge of the misdialed or reassigned number after placing only one call. Thus, a caller is liable under the TCPA for calling the wrong number more than once.

19. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for*

*Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

20. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL BACKGROUND AS TO PLAINTIFF

21. Throughout the year 2015, Defendants contacted Plaintiff on her cellular telephone number ending in 7116 *via* ATDS, as defined by 47 U.S.C. § 227(a)(1), dozens of times without first obtaining Plaintiff's written consent.

22. Each Defendant stated it was trying to reach "Amber Nicholas" about a debt. Plaintiff is not Amber Nicholas and has never used that name.

23. Plaintiff told each Defendant they had the wrong number and to stop calling. But each Defendant continued to call Plaintiff and harass her about a debt she did not owe.

24. Defendant HFS called Plaintiff at least 30 times without her consent. Defendant HFS called Plaintiff from the numbers "215-278-4063," "305-440-4286," and "786-235-2639."

25. Defendant NCS called Plaintiff at least 10 times without her consent. Defendant called Plaintiff from the number "813-644-8810."

26. Defendant COI called Plaintiff at least 10 without her consent. Defendant COI called Plaintiff from the number "888-801-4395."

27. Plaintiff was able to answer many of the calls and interact with Defendants' dialing system and call representatives.

28. When Plaintiff answered the phone calls from each Defendant, she experienced silence for several seconds before she was greeted by a representative.

29. Plaintiff always told Defendants representative that Defendants had the incorrect phone number. To the extent Plaintiff ever consented to the calls, she revoked such consent but the calls continued.

30. Despite Plaintiff's reasonable requests, Defendants continued to call her.

31. Plaintiff's experience with Defendants and Defendants' representatives was nearly identical in every call she answered.

32. At the time of the calls, Plaintiff did not have a business relationship with Defendants, nor did Plaintiff seek out information or request a call from Defendants.

33. Plaintiff was annoyed by the calls and wanted Defendants to stop calling. The calls invaded her privacy and caused her to lose time on her cellular plan.

34. On information and belief, Defendants' automated system called Plaintiff on every occasion.

35. Based on the circumstances of the calls – including but not limited to the multiple calls, Plaintiff never spoke to the same representative, and Defendants called despite Plaintiff's requests to Defendants to stop calling (indicating a computer automatically dialed the number again) – Plaintiff believed Defendants called her cellular telephone using an ATDS that automatically selected her number from a computer database.

36. On information and belief, Defendants' ATDS called Plaintiff on every occasion.

37. On information and belief, and based on the circumstances of the all the calls, Defendants called Plaintiff using an ATDS.

38. The telephone number Defendants' called was assigned to a cellular telephone.

39. Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 7116.

40. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

41. Plaintiff did not provide Defendants with prior express written consent to receive calls to her cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

42. All calls Defendants made to Plaintiff Evans violate 47 U.S.C. § 227(b)(1).

43. Plaintiff seeks an injunction requiring Defendants to cease all wireless telemarketing and spam activities and an award of statutory damages, together with costs and reasonable attorneys' fees.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

44. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

45. Defendants made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's cellular telephone for the purpose of marketing products and/or services to Plaintiff. Based on the substance of the calls, Defendants intended to call Amber Nicholas. Despite Plaintiff informing Defendants that they had the wrong number, Defendants continued to call Plaintiff.

46. Defendants made the calls without prior express written consent of the Plaintiff and Class Members.

47. To the extent Plaintiff ever provided consent, she unequivocally revoked such consent.

48. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

49. As a result of Defendants' violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. Because Defendants had knowledge that Plaintiff did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

51. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

52. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53. Plaintiff is entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

54. Plaintiff demands a jury trial on all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

a. An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

b. An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

c. Injunctive relief prohibiting Defendants' conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

d. Pre-judgment and post-judgment interest on monetary relief;

e. An award of reasonable attorneys' fees and court costs in this action;

f. All other and further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,

Dated: January 19, 2016

_____
Benjamin H. Crumley, Esq.
Florida Bar No.: 18284
CRUMLEY & WOLFE, PA
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113
Email: ben@cwbfl.com

W. Craft Hughes—craft@hughesellzey.com
Texas Bar No. 24046123
Jarrett L. Ellzey—jarrett@hughesellzey.com
Texas Bar No. 24040864
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
*(Pro Hac Vice admission will be requested)*

**ATTORNEYS FOR PLAINTIFF**